HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARI HOFFMAN, BRANDI KRUSE, and JONATHAN CHOE,<br><br>                    Plaintiffs,<br><br>          v.<br><br>WASHINGTON STATE HOUSE OF REPRESENTATIVES, CHIEF CLERK BERNARD DEAN in his official capacity, THE LEGISLATURE OF THE STATE OF WASHINGTON, and WASHINGTON STATE CAPITOL CORRESPONDENTS ASSOCIATION,<br><br>                    Defendants. | CASE NO 3:26-cv-05214-DJE<br><br>ANSWER OF WASHINGTON STATE CAPITOL CORRESPONDENTS ASSOCIATION |

Defendant Washington State Capitol Correspondents Association (CCA) answers the Complaint by plaintiffs Ari Hoffman, Brandi Kruse and Jonathan Choe as follows:

**I.      Introduction**

CCA admits that Thomas Jefferson and John F. Kennedy wrote in favor of press freedom and that press freedom is important. CCA denies the remainder of the Introduction including the assertion that CCA "trampled the constitutional rights of three prominent journalists."

ANSWER OF WASHINGTON STATE CAPITOL
CORRESPONDENTS ASSOCIATION – 1

**Johnston George LLP**
**2800 1st Avenue, Suite 226**
**Seattle, Wash. 98121**
**Ph: 206 832-1820**

## II.    Parties

1.    CCA admits that Ari Hoffman hosts a talk show on KVI radio in the State of Washington. CCA lacks knowledge sufficient to form a belief about the truth of the other allegations and therefore denies the same.

2.    CCA admits that Brandi Kruse hosts the unDivided Podcast in the State of Washington and that she previously worked as a television journalist for Fox 13 Seattle.

3.    CCA admits that Jonathan Choe's February 2, 2026 application for a House press pass identified "Discovery Institute/Frontlines TPUSA" and https://fixhomelessness.org/ as the organizations he wrote for, and that after the application was denied he said in an email to the House that he also freelances for the Lynnwood Times. CCA lacks knowledge sufficient to form a belief about the truth of the other allegations and therefore denies the same.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admit that CCA is an association of members of the news media in Washington state, that it does not operate for a profit, and that Jerry Cornfield is the current president of CCA. Admit that CCA has developed guidelines for issuance of press passes permitting access to legislative chambers during floor sessions, and that the other defendants relied in part on CCA guidelines in deciding whether to approve press passes in 2026.

## III.    Jurisdiction, Venue and Standing

9.    This case has been removed to federal court, making it unnecessary to answer this paragraph.

ANSWER OF WASHINGTON STATE CAPITOL
CORRESPONDENTS ASSOCIATION – 2

Johnston George LLP
2800 1st Avenue, Suite 226
Seattle, Wash. 98121
Ph: 206 832-1820

10.    This case has been removed to federal court, making it unnecessary to answer this paragraph.

11.    Admit that plaintiffs have standing to bring this action and that they are within the State of Washington. Deny the remaining allegations.

12.    Denied.

13.    Admit that denial of House press passes for specific days in the 2026 legislative session limited the applicants' access to the House chambers during floor sessions on the days at issue. Deny the remaining allegations.

14.    Deny that CCA, a non-government entity, is a "proper" defendant in this First Amendment case. Admit that the State defendants are subject to suit. Deny the properness of the claims.

**IV.    Statement of Alleged Facts**

15.    Admitted.

16.    Admit that prior to this year, CCA handled the initial vetting of applications for press credentials, and that CCA's role changed in 2025 after plaintiffs Kruse and Choe threatened to sue CCA.

17.    Admit that during the 2025 legislative session, following the State Senate's denial of several press passes including those of Kruse and Choe, the letter attached as Exhibit A to the Complaint was sent to Cornfield as a representative of CCA. Deny that there were "constitutional defects" in the process for approving press passes.

18.    Admit that the March 20, 2025 email attached as Exhibit B to the Complaint was sent by the House Chief Clerk to a lawyer for Kruse and Choe, and that the email said CCA had relinquished its role as coordinator of press credentials and asked that the Legislature directly handle press credentialing.

ANSWER OF WASHINGTON STATE CAPITOL
CORRESPONDENTS ASSOCIATION – 3

**Johnston George LLP**
2800 1st Avenue, Suite 226
Seattle, Wash. 98121
Ph: 206 832-1820

19. Admit that the Senate eventually gave a Senate press pass to Kruse. CCA lacks knowledge sufficient to form a belief about the truth of the other allegations and therefore denies the same.

20. Admit that for the 2026 legislative session, the State House developed a new process for issuing press passes. Deny the remaining allegations.

21. Admitted.

22. Admitted.

23. Admit that the House press pass application (posted here: House of Representatives: Press Pass Request) says the House "will issue floor press passes to individuals that meet the Capitol Correspondents Association (CCA) guidelines, informed by CCA recommendations." Deny the second sentence.

24. Denied.

25. CCA lacks knowledge sufficient to form a belief as to the truth of the allegations and therefore denies the same.

26. Admit that press pass applicants must agree to follow House rules of decorum and that they are cautioned that failure to do so may result in revocation. Deny the remaining allegations.

27. Denied.

28. Admit that Guideline II states in full: "We recommend issuing credentials only to professional journalists. This means that reporting or shooting is your primary job, and that job is the source of most of your income. The only exceptions are Murrow Fellows and interns working under programs for journalism students administered by the University of Washington and Washington State University."

29. Admitted.

ANSWER OF WASHINGTON STATE CAPITOL
CORRESPONDENTS ASSOCIATION – 4

**Johnston George LLP**
**2800 1st Avenue, Suite 226**
**Seattle, Wash. 98121**
**Ph: 206 832-1820**

30.    Admitted.

31.    Admit that Guideline IV states in full: "**A credential-seeker's employer must be a news organization, full stop**. We do not support providing credentials to people who work for any publication or information source that is part of a larger non-news organization. The entity must be doing news for the sake of news alone. A labor union's newsletter, a think tank's blog, or a county government's TV channel are examples of entities that would not qualify. An entity founded, funded or affiliated with lobbyists, lobbyist firms or lobbying associations or whose public or private board or advisory group is composed of lobbyists or lobbyist group representatives would also not qualify." (Bold in original). Deny the remaining allegations.

32.    Admit that Paragraph 32 quotes Guideline V at length.

33.    Admit that multiple news outlets maintain editorial pages in which they endorse political candidates and advocate for or against specific policies. Admit that in 2025 there were comments in support of Senate Bill 5400 (for "supporting local journalism") by representatives of the news media who did not have House press passes. Deny the remaining allegations.

34.    Admit that if a newspaper has an editorial page or has otherwise supported or opposed policies, that will not disqualify every employee of the newspaper from receiving a House press pass, and that the individual applicant's actions and affiliations are assessed in determining applications.

35.    Admit that Hoffman broadcasts his opinions on KVI and that KVI's website shows various postings by Hoffman under a "news" heading. CCA lacks knowledge sufficient to form a belief as to the truth of the allegations regarding Hoffman's "primary" job and income source and therefore denies these allegations. Deny the remaining allegations.

36.    Admitted.

37.    Admitted.

ANSWER OF WASHINGTON STATE CAPITOL
CORRESPONDENTS ASSOCIATION – 5

Johnston George LLP
2800 1st Avenue, Suite 226
Seattle, Wash. 98121
Ph: 206 832-1820

38.     Admit that the House Chief Clerk's letter denying Hoffman's application for a 2026 day pass said: "The House, in part, looks to the Capitol Correspondents' Association (CCA) to make recommendations regarding whether a press pass applicant is a bona fide journalist or not. Based on your recent engagement in public policy development and advocacy, your request for a House Press pass was denied. This decision was made irrespective of your broadcast work."

39.     Admit that the Chief Clerk's denial letter used the words "in part." Deny the remaining allegations.

40.     Admit that the guidelines do not use the words "bona fide." Deny the remaining allegations.

41.     Denied.

42.     Admit that in the January 28, 2025 denial letter, the Chief Clerk offered to consider additional information from Hoffman regarding his application for a 2026 day pass and encouraged him to apply for a press pass at least two weeks in advance of the desired day of use in the future. Deny the remaining allegations.

43.     Admit that Exhibit F to the Complaint is a January 29, 2026 letter from Plaintiffs' counsel to the House Speaker, House Chief Clerk and Cornfield, and that the letter speaks for itself.

44.     Admit that Exhibit G to the Complaint is a February 3 letter from the House Chief Clerk to Plaintiffs' counsel stating in part: "Mr. Hoffman previously appealed the press credential decision. That appeal was considered, and the initial denial was upheld after a review of his appeal submission." Deny the remaining allegations.

45.     CCA lacks knowledge sufficient to form a belief as to the truth of the allegations regarding Choe's "primary" job and income source and therefore denies these allegations. Deny that Discovery Institute and Turning Point USA, the organizations mentioned on Choe's February 2026

ANSWER OF WASHINGTON STATE CAPITOL
CORRESPONDENTS ASSOCIATION – 6

Johnston George LLP
2800 1st Avenue, Suite 226
Seattle, Wash. 98121
Ph: 206 832-1820

press pass application, are stand-alone news organizations. Admit that Choe provides editorial political opinion in his work. Deny the remaining allegations.[1]

46. Admitted.

47. Admit that on February 2, 2026, the same day Choe applied for a press pass for certain days of the 2026 session, the House sent an email telling Choe: "Your request for a House press pass has been declined. While you will not be issued a House press pass, all House proceedings are viewable from the House Gallery and on TVW. If you wish to appeal this decision, you can contact the Chief Clerk's Office in writing stating the nature of the appeal. Please reach out HousePressPass@leg.wa.gov with questions."

48. Admitted.

49. Admit that the February 2 email itself did not include a copy of CCA's recommendation or explain the basis for denying Choe's application. Deny the remaining allegations.

50. Admit that in a February 4 email to the House Chief Clerk's Office, Choe said "I am appealing…" and mentioned that he freelances for the Lynnwood Times. Admit that later that day, the Office replied: "Thank you for providing the additional context. Please be specific in terms of which organization you are representing when you are attempting to access the House chamber. If you are visiting on behalf of the Lynwood Times, you should include that information in a new application for a House floor press pass."

51. Admit that in a February 4, 2026 letter to Choe, the House Chief Clerk wrote: "I am in receipt of your appeal dated February 2, 2026. The House, in part, looks to the Capitol Correspondents' Association (CCA) to make recommendations regarding whether a press pass applicant is a bona fide journalist or not. You indicated that you represent the Discovery

---

1 See, e.g., [Lincoln Day Gala: Independent journalist Jonathan Choe wants more storytellers –](#)

ANSWER OF WASHINGTON STATE CAPITOL
CORRESPONDENTS ASSOCIATION – 7

**Johnston George LLP**
**2800 1st Avenue, Suite 226**
**Seattle, Wash. 98121**
**Ph: 206 832-1820**

Institute/Frontlines TPUSA. As stated in the CCA guidelines, credentials are not provided to individuals who work for any publication or information source that is part of a larger non-news organization; this includes think tanks. Absent additional information, the decision to not issue a press pass is upheld. If you have anything else you would like me to consider, please provide it to me. I will endeavor to review any information you provide and get back to you with a timely response."

52. Admit that Choe listed the website http://fixhomelessness.org (which identifies itself as a Discovery Institute initiative) on his 2026 press pass application. CCA lacks knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

53. Admit that Kruse provides editorial political opinion in her work. Deny that Kruse does not engage in campaigns, lobbying or policy development. CCA lacks knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

54. Admit that Kruse applied for and was denied a House press pass for two dates during the 2026 legislative session. Admit that Exhibit J to the Complaint is a February 4, 2026 letter from the Chief Clerk to Kruse which stated in part: "I am in receipt of your appeal dated February 2, 2026. The House, in part, looks to the Capitol Correspondents' Association (CCA) to make recommendations regarding whether a press pass applicant is a bona fide journalist or not. Based on your recent engagement in public policy development and advocacy, your request for a House floor press pass was denied. As stated in the CCA guidelines: 'It is important that a line be established between professional journalism and political or policy work.'"

55. Admitted.

56. Denied.

ClarkCountyToday.com .

ANSWER OF WASHINGTON STATE CAPITOL
CORRESPONDENTS ASSOCIATION – 8

57.    Admit that the guidelines do not use the words "bona fide." Deny the remaining allegations.

58.    Denied.

59.    Admit that the House treated Kruse's email as an appeal and denied it. CCA lacks information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

**V. CLAIMS**

60.    Admit that the First Amendment is quoted and that it applies to states through the Fourteenth Amendment.

61.    Admit that case law is quoted and that press freedom is paramount.

62.    Admit that a U.S. Supreme Court opinion is selectively quoted. Admit that Thomas Jefferson wrote in a 1786 letter, in part: "our liberty depends on the freedom of the press." Deny the remaining allegations.

63.    Admit that a free press is important. Admit that the cited cases speak for themselves. Deny that this case involves "unclear, spurious or conflicting grounds" for denying press passes or a violation of due process rights.

64.    Deny that the plaintiffs asked for "full credentials" instead of day passes in 2026. Deny that press passes cannot be restricted based on political activities. Deny that this case involves content-based or viewpoint discrimination.

65.    Admit that case law is quoted and that the cited cases speak for themselves. Admit that this case involves reasonable, viewpoint-neutral restrictions in a nonpublic forum.

66.    Admit there is public interest in information about public officials. Admit that the First Amendment protects access to written information and ideas. Deny that this case involves a

ANSWER OF WASHINGTON STATE CAPITOL
CORRESPONDENTS ASSOCIATION – 9

**Johnston George LLP**
**2800 1st Avenue, Suite 226**
**Seattle, Wash. 98121**
**Ph: 206 832-1820**

First Amendment violation.

67.     Denied.

68.     Admit that the Washington Constitution is quoted.

69.     Admit that the cited cases speak for themselves. Deny that this case involves licensing or the right to publish information.

70.     Denied.

71.     Admit that the Fourteenth Amendment is quoted.

72.     Admit that the cited case speaks for itself. Deny that this case involves "the absence of any published or internal policies" or arbitrary denial.

73.     Admit that the Chief Clerk's letters used the words "in part." Deny the remaining allegations.

74.     Admit that the State Constitution is quoted. Admit that the cited cases speak for themselves. Deny that this case involves arbitrary action in violation of due process rights.

75.     Denied.

76.     Admit that the cited case speaks for itself. Deny that this case involves a grant of regulatory authority to private parties.

77.     Deny that CCA has "authority" over House press passes. Deny that the non-delegation doctrine was violated.

78.     This paragraph is unclear. Admit that CCA has developed guidelines which the House used, in part, in deciding press passes.

79.     Deny that CCA has "discretionary power." Deny that CCA has acted arbitrarily or abused its advisory role in issuance of House press passes. Deny that House Rules should have a "mechanism" to challenge the CCA's advisory recommendations which the House uses, in part, in

ANSWER OF WASHINGTON STATE CAPITOL
CORRESPONDENTS ASSOCIATION – 10

Johnston George LLP
2800 1st Avenue, Suite 226
Seattle, Wash. 98121
Ph: 206 832-1820

deciding press passes.

80.    Denied.

81.    CCA repeats and incorporates by reference the answers above.

82.    Deny that Plaintiffs are entitled to declaratory judgment that the House violated the U.S. Constitution.

83.    Deny that an actual dispute, capable of final and conclusive determination, is presently ongoing. The applications at issue were for specific dates that have passed in a legislative session that has ended. Anyone wanting a House press pass for a future session must submit a new application with up-to-date information, which may or may not elicit a disputed response.

84.    Deny that the Court can issue press passes to Plaintiffs "for the remainder of this session" as the session ended on March 12, 2026 and they applied only for day passes in February 2026. Deny that the House violated the state and federal constitutions as alleged by Plaintiffs.

85.    CCA repeats and incorporates by reference the answers above.

86.    Admit that Plaintiffs seek injunctive relief. Deny that Plaintiffs are entitled to such relief.

87.    Denied.

88.    This paragraph is unclear. CCA does not know what "the Act" refers to and therefore denies the allegation.

## AFFIRMATIVE AND OTHER DEFENSES

1.    This action is moot as to House press passes during the 2026 legislative session.

2.    To the extent Plaintiffs seek an order for press passes in future legislative sessions, this action is speculative and not ripe.

ANSWER OF WASHINGTON STATE CAPITOL
CORRESPONDENTS ASSOCIATION – 11

**Johnston George LLP**
**2800 1st Avenue, Suite 226**
**Seattle, Wash. 98121**
**Ph: 206 832-1820**

3.    Plaintiffs failed to state a claim upon which relief can be granted.

4.    CCA is not a government actor subject to the First Amendment or Fourteenth Amendment.

5.    CCA reserves the right to assert additional defenses and/or cross-claims.

**REQUESTS FOR RELIEF**

1.    Deny each of the Plaintiffs' requests for relief.

2.    Dismiss the action with prejudice.

3.    Dismiss CCA as a defendant.

4.    Grant CCA its costs and reasonable attorney fees to the fullest extent allowed by law.

5.    Grant such other relief as the Court deems necessary and proper.

SUBMITTED this 29th day of April 2026.

JOHNSTON GEORGE LLP

s/ Katherine A. George
Katherine A. George, WSBA #36288
Attorney for Washington State Capitol Correspondents
Association

ANSWER OF WASHINGTON STATE CAPITOL
CORRESPONDENTS ASSOCIATION – 12

Johnston George LLP
2800 1st Avenue, Suite 226
Seattle, Wash. 98121
Ph: 206 832-1820