UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARI HOFFMAN et al., | CASE NO. 3:26-cv-05214-DGE |
| Plaintiffs, | |
| v. | ORDER ON MOTION TO AMEND COMPLAINT |
| WASHINGTON STATE HOUSE OF REPRESENTATIVES et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion to amend their complaint, brought pursuant to Federal Rule of Civil Procedure 15(a)(2).[1] (Dkt. No. 31.) Defendants Washington State House of Representatives and Bernard Dean (the "House") and the Washington State Capitol Correspondents Association ("CCA") do not oppose allowing the proposed amended complaint. (Dkt. Nos. 33, 34.)

---

[1] Plaintiffs originally did not file a redline version of the amended complaint as required by Local Civil Rule 15(a); however, later that day, Plaintiffs filed a praecipe with the redline included. (*See* Dkt. No. 32); LCR 7(m).

ORDER ON MOTION TO AMEND COMPLAINT - 1

Federal Rule of Civil Procedure 15(a)(2) provides, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  When assessing whether to grant a party leave to amend, the Court must consider "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

Plaintiffs assert they are amending their complaint after receiving "additional facts and information" through the discovery process, including information about other members of the media who were denied press passes and CCA's role in the press pass application process.  (Dkt. No. 31 at 2.)  They also state their amended complaint adds claims for nominal and punitive damages, a jury demand, and a claim under 42 U.S.C. § 1983.  (*Id.*)

Plaintiffs have not previously amended their complaint, and there is no evidence of bad faith, undue delay, or prejudice to Defendants.  The Court therefore focuses on whether Plaintiffs' amendments would be futile.  "A court may deny leave to amend 'where the amendment would be futile . . . or where the amended complaint would be subject to dismissal.'"  *Puget Soundkeeper All. v. APM Terminals Tacoma LLC*, 545 F. Supp. 3d 893, 896 (W.D. Wash. 2021) (quoting *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).  "A proposed amendment will be rejected as futile 'if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'"  *Walters v. Superior Tank Lines Nw. Div., LLC*, Case No. C19-0191RSL, 2019 WL 3067299, at *1 (W.D. Wash. July 12, 2019) (citation omitted).

Though the Court has already weighed in on the merits of Plaintiffs' claims in the temporary restraining order context (*see* Dkt. No. 24), upon a cursory review of the proposed

ORDER ON MOTION TO AMEND COMPLAINT - 2

amended complaint, the Court finds it is not futile.  (*See* Dkt. No. 32.)  Further, Defendants do not object to Plaintiffs' motion.  The Court therefore finds Plaintiffs' request for leave to amend is appropriate and GRANTS the motion.  (Dkt. No. 31.)  Plaintiffs SHALL file their amended complaint on or before August 17, 2026.

Dated this 7th day of August 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO AMEND COMPLAINT - 3